FILED IN
4th JUDICIAL DISTRICT COURT
Case 2:15-cv-00317-KOB    Document 1-2    Filed 12/02/14    Page 1 of 45
11/19/2014 5:16:48 PM

roc

IN THE FOURTH JUDICIAL DISTRICT COURT
SAN MIGUEL COUNTY
STATE OF NEW MEXICO

LISA MAES, MARY ALICE HERRERA,
JULIAN MORA, JOAN CRESPIN, OLIVIA
LUCERO, individually and on behalf of all
others similarly situated,

        Plaintiffs,

v.

        No. _____

COMMUNITY HEALTH SYSTEMS
PROFESSIONAL SERVICES CORP., a New
Mexico Corporation; SAN MIGUEL
COUNTY HOSPITAL CORP., dba ALTA
VISTA REG'L HOSPITAL; CARLSBAD
MEDICAL CENTER LLC, dba Carlsbad
Medical Center; ROSWELL HOSPITAL
CORP., dba EASTERN NEW MEXICO
MEDICAL CENTER; DEMING HOSPITAL
CORP., dba MIMBRES MEMORIAL
HOSPITAL; LAS CRUCES MEDICAL
CENTER LLC, dba   MOUNTAINVIEW
REG'L MEDICAL CENTER; LEA REG'L
MEDICAL CENTER LLC, dba LEA REG'L
HOSPITAL; ALTA VISTA UROLOGICAL
SPECIALISTS; RIDGE RUNNER PRIMARY
CARE; AND ALTA VISTA SURGICAL
SPECIALISTS;

        Defendants.

D-412-CV-2014-00388

CLASS ACTION COMPLAINT

CLASS ACTION COMPLAINT

    COME NOW LISA MAES, MARY ALICE HERRERA, JULIAN MORA, JOAN

CRESPIN, and OLIVIA LUCERO, on behalf of themselves individually and all others similarly

situated, by and through their attorneys Branch Law Firm (Turner W. Branch, Margaret M.

Branch and Mary Lou Boelcke), and bring this action against Defendants Community Health

Systems Professional Services Corporation; San Miguel County Hospital Corp.; Carlsbad

Medical Center LLC; Roswell Hospital Corporation; Lea Regional Medical Center LLC; Las

EXHIBIT A

Cruces Medical Center LLC; Deming Hospital Corporation, Alta Vista Urological Specialists; Ridge Runner Primary Care; and Alta Vista Surgical Specialists; and hereby allege as follows:

## I.   PARTIES

1.      The named Plaintiffs LISA MAES, MARY ALICE HERRERA, JOAN CRESPIN, and OLIVIA LUCERO, are all residents of San Miguel County, New Mexico, and citizens of the State of New Mexico. Each of them was treated at Alta Vista Regional Hospital or its clinics at all times material to this Complaint.

2.      Defendant Community Health Systems Professional Services Corporation (hereinafter "CHSPSC") is a Delaware corporation.   CHSPSC is also a citizen of New Mexico. It is licensed to do business in New Mexico and maintains a registered agent in the state of New Mexico.   It is affiliated with the other named defendants and provides management, consulting and information technology services to them.

3.      Defendant San Miguel County Hospital Corporation, dba Alta Vista Regional Hospital (hereinafter "Alta Vista"), is a New Mexico corporation with its principal place of business in Las Vegas, New Mexico.   Alta Vista is, or was at all relevant times, a subsidiary of Community Health Systems, Inc., ("CHS") and CHSPSC that operates a hospital in Las Vegas, New Mexico with 54 licensed beds.

4.      Defendant Carlsbad Medical Center LLC, dba Carlsbad Medical Center, is a New Mexico corporation with its principal place of business in Carlsbad, New Mexico.   Carlsbad Medical Center is, or was at all relevant times, a subsidiary of CHS and CHSPSC that operates a 115-bed facility with inpatient, outpatient, diagnostic, medical surgical and emergency services. It is an accredited Level III Trauma Center.

5.      Defendant Roswell Hospital Corporation, dba Eastern New Mexico Medical Center Hospital, is a New Mexico corporation with its principal place of business in Roswell,

EXHIBIT A

New Mexico.   Eastern New Mexico Medical Center is, or was at all relevant times, a subsidiary of CHS and CHSPSC that operates a 162-bed facility with complete inpatient and outpatient care.

6.      Defendant Deming Hospital Corporation, dba Mimbres Memorial Hospital, is a New Mexico corporation with its principal place of business in Deming, New Mexico. Mimbres Memorial Hospital is, or was at all relevant times, a subsidiary of CHS and CHSPSC that operates a 25-bed inpatient hospital.

7.      Defendant Las Cruces Medical Center LLC, dba MountainView Regional Medical Center, is a New Mexico corporation with its principal place of business in Las Cruces, New Mexico.   MountainView Regional Medical Center is, or was at all relevant times, a subsidiary of CHS and CHSPSC that operates a 168-bed facility providing inpatient and outpatient care.

8.      Defendant Lea Regional Medical Center LLC, dba Lea Regional Hospital, is a New Mexico corporation with its principal place of business in Hobbs, New Mexico.   Lea Regional Medical Center is, or was at all relevant times, a subsidiary of CHS and CSHPSC that operates a 201-bed acute care facility providing complete medical care.

## II.      JURISDICTION & VENUE

9.      This Court has jurisdiction over this action pursuant to NMSA 38-3-1 (A) and (F) because all of the named Plaintiffs and putative class members are citizens of the State of New Mexico and residents of San Miguel County, New Mexico, and all of the defendants are citizens of the State of New Mexico.

## III.      SUMMARY OF CASE

10.     This is a consumer class action lawsuit brought by Plaintiffs, individually and on behalf of all other similarly situated persons (i.e., the class members), whose personal

EXHIBIT A

information (e.g., patient names, addresses, birthdates, telephone numbers, and social security numbers and, possibly including, patient credit card, medical or clinical information) (hereinafter "Sensitive Information") considered protected under the Health Insurance Portability and Accountability Act ("HIPAA") entrusted to Defendants was stolen and/or made accessible to hackers and identity thieves.

11.     As a result of Defendants' failure to implement and follow basic security procedures, Plaintiffs' Sensitive Information is now in the hands of thieves. Plaintiffs now face a substantial increased risk of identity theft, if not actual identity theft. Consequently, Defendants' patients and former patients will have to spend significant time and money to protect themselves.

12.     Additionally, as a result of Defendants' failure to follow contractually-agreed upon, federally-prescribed, industry standard security procedures, Plaintiffs received only a diminished value of the services they paid Defendants to provide. Plaintiffs contracted for services that included a guarantee by Defendants to safeguard their personal information and, instead, Plaintiffs received services devoid of these very important protections. Accordingly, Plaintiffs allege claims for breach of contract, unjust enrichment, money had and received, negligence, negligence per se, violation of the New Mexico Unfair Trade Practices Act, and breach of confidence.

## IV.   GENERAL FACTS

13.     Community Health Systems, Inc. (hereinafter "CHS") is a Delaware corporation with its principal place of business in Tennessee. CHS is the parent company that owns and operates, through subsidiaries, 206 general acute care hospitals in 29 states with approximately 31,000 licensed beds. CHS is, or was at all relevant times, the parent company for the named hospital defendants.

EXHIBIT A

14.     Plaintiffs are patients and customers of Defendants' hospitals and clinics.

15.     In the regular course of business, Defendants collect and maintain possession, custody, and control of a wide variety of Plaintiffs' Sensitive Information, including but not limited to patient credit card, medical or clinical information and history, patient names, addresses, birthdates, telephone numbers and social security numbers.

16.     Plaintiffs and Defendants agreed that, as part of the services provided to Plaintiffs, Defendants would protect Plaintiffs' Sensitive Information.

17.     This agreement to protect Plaintiffs' Sensitive Information was a value added to the services provided by Defendants that was considered a benefit of the bargain for which Plaintiffs paid adequate consideration.

18.     Upon information and belief, a portion of the consideration paid by Plaintiffs was accepted and rendered proceeds by Defendants that was allocated to protecting and securing Sensitive Information and ensuring HIPAA compliance. This allocation was made for the purpose of offering patients and customers, such as Plaintiffs, to add value to the services provided by agreeing to protect Sensitive Information.

19.     Defendants stored Plaintiffs' Sensitive Information in an unprotected, unguarded, unsecured, and/or otherwise unreasonably protected electronic and/or physical location.

20.     Defendants did not adequately encrypt, if at all, Plaintiffs' Sensitive Information.

21.     Defendants did not provide adequate security measures to protect Plaintiffs' Sensitive information.

22.     On or around April 2014 and June 2014, an "Advanced Persistent Threat" group originating from China accessed, copied, and transferred Plaintiffs' Sensitive Information from Defendants.

EXHIBIT A

23.     Upon information and belief, this "Advanced Persistent Threat" group has typically sought valuable intellectual property, such as medical device and equipment development data.

24.     CHS claims to have "confirmed that this data did not include patient credit card, medical or clinical information" but the data accessed, copied, and transferred did include Plaintiffs' information that is "considered protected under the Health Insurance Portability and Accountability Act ("HIPAA") because it includes patient names, addresses, birthdates, telephone numbers and social security numbers."   It also included employers' names and guarantors.

25.     On or about August 18, 2014, CHS filed a Form 8-K with the United States Securities and Exchange Commission that provided the first notification of the data breach. This filing stated that the data breach "affected approximately 4.5 million individuals."   This filing also states that those who are affected were provided services by CHS within the last five years.

26.     Months after the breach, Defendants sent letters to some, but not all, of their patients notifying them that they were affected by the breach.

27.     Defendants' failure to notify its patients of this data breach in a reasonable time caused Plaintiffs to remain ignorant of the breach and, therefore, Plaintiffs were unable to take action to protect themselves from harm.

28.     Defendants designed and implemented their policies and procedures regarding the security of protected health information and Sensitive Information. These policies and procedures failed to adhere to reasonable and best industry practices in safeguarding protected health information and other Sensitive Information. Upon information and belief, Defendants failed to encrypt, or adequately encrypt, Plaintiffs' Sensitive Information.

EXHIBIT A

29.     By failing to fulfill their promise to protect Plaintiffs' Sensitive Information, Defendants have deprived Plaintiffs of the benefit of the bargain. As a result, Defendants cannot equitably retain payment from Plaintiffs—part of which was intended to pay for the administrative costs of data security—because Defendants did not properly secure Plaintiffs' information and data.

## V.    INDIVIDUAL FACTS

30.     Plaintiff Lisa Maes was a patient at Alta Vista Regional Hospital for several years, including on August 3-5, 2013, November 6, 2013, March 8, 2006, and others. Plaintiff Maes provided personal and Sensitive Information to Defendants CHS and Alta Vista on these dates. In August 2014, Maes received a letter from Alta Vista stating that her personal information may have been taken during the above outlined cyber-attack.

31. As an essential part of the services provided, Defendants CHSPSC and Alta Vista agreed to protect her personal and Sensitive Information.

32. Plaintiff Mary Alice Herrera was a patient at Alta Vista Urological Specialists and Alta Vista Regional Hospital many times over the past ten years.   Alta Vista is the only hospital in the region. Plaintiff Herrera provided personal and Sensitive Information to Defendants CHS and Alta Vista on these dates.   She has seen Dr. Akhil Das, Dr Gaswaldo and Dr. Jessica Roberts, among others, at Alta Vista Regional Hospital and its associated clinics.   In August 2014, Herrera received a letter from Alta Vista Urological Specialists informing her that her personal information may have been taken during this cyber-attack.

33. As an essential part of the services provided, Defendants CHSPSC and Alta Vista agreed to protect her personal and Sensitive Information.

34. Plaintiff Olivia Lucero was a patient at Alta Vista Regional Hospital and Ridge Runner Medical Office many times over the past years, including February 25, 2014, January 14,

EXHIBIT A

2014, and March 7, 2013.   Plaintiff Lucero provided personal and Sensitive Information to Defendants CHS and Alta Vista on these dates.

35. As an essential part of the services provided, Defendants CHSPSC, Alta Vista Regional Hospital and Ridge Runner agreed to protect her personal and Sensitive Information.

36. Plaintiff Joan Crespin was a patient at Alta Vista Regional Hospital and Alta Vista Surgical Specialists over the past ten years.   Plaintiff Crespin provided personal and Sensitive Information to Defendants CHS and Alta Vista on these dates. She received a letter from Alta Vista Surgical Specialists informing her that her personal information may have been taken during the cyber-attack.

37. As an essential part of the services provided, Defendants CHSPSC, Alta Vista Regional Hospital and Alta Vista Surgical Specialists agreed to protect her personal and Sensitive Information.

38. Plaintiff Julian Mora was a patient at Alta Vista Regional Hospital and Ridge Runner Primary care from 2009 to the present.   Plaintiff Mora provided personal and Sensitive Information to Defendants CHS and Alta Vista on these dates. In August 2014, Mora received a letter from Ridge Runner Primary Care stating that Mora's personal information may have been taken during this cyber-attack.

39. As an essential part of the services provided, Defendants CHSPSC, Alta Vista Regional Hospital and Ridge Runner Primary Care agreed to protect Mora's personal and Sensitive Information.

40. As a result of the data breach, all of the named plaintiffs have suffered emotional distress and economic harm, including but not limited to: loss of payment to Defendants—part of which was intended to pay for the administrative costs of data security—because Defendants did

not properly secure plaintiffs' personal and Sensitive Information, diminution in the value of services provided, and future expenses for credit monitoring.

## VI.   CLASS ALLEGATIONS

41. Plaintiffs bring this action pursuant to NMRA 1-023(b)(2) and (3) on behalf of themselves individually and on behalf of a Class and subclasses defined as follows:

42.   **The Class**: Plaintiffs bring this action on behalf of themselves and a Class of similarly situated individuals, defined as follows:

> All individuals who are citizens of the State of New Mexico that are current or former customers/patients of CHSPSC, San Miguel County Hospital Corporation, Carslbad Medical Center LLC, Lea Regional Medical Center LLC, Roswell Hospital Corporation, Las Cruces Medical Center LLC, Deming Hospital Corporation, or one of its affiliates or clinics and whose Sensitive Information was wrongfully accessed, copied, and transferred in the months of April 2014 to June 2014.

> Plaintiffs propose the following subclasses if the court deems it necessary or helpful:

> a. **San Miguel County Hospital Corporation, dba Alta Vista Regional Hospital**: All citizens of New Mexico that are current or former customers/patients of CHSPSC who treated at Alta Vista Regional Hospital and whose Sensitive Information was wrongfully accessed, copied, and transferred in the months on or about April 2014 and June 2014.

> b. **Carlsbad Medical Center LLC, dba Carlsbad Medical Center**: All citizens of New Mexico that are current or former customers/patients of CHSPSC who treated at Carlsbad Medical Center and whose Sensitive Information was

EXHIBIT A

wrongfully accessed, copied, and transferred in the months on or about April 2014 and June 2014.

c. **Roswell Hospital Corporation, dba Eastern New Mexico Medical Center Hospital**: All citizens New Mexico that are current or former customers/patients of CHSPSC who treated at Eastern New Mexico Medical Center Hospital and whose Sensitive Information was wrongfully accessed, copied, and transferred in the months on or about April 2014 and June 2014.

d. **Deming Hospital Corporation, dba Mimbres Memorial Hospital**: All citizens of New Mexico that are current or former customers/patients of CHSPSC who treated at Mimbres Memorial Hospital and whose Sensitive Information was wrongfully accessed, copied, and transferred in the months on or about April 2014 and June 2014.

e. **Las Cruces Medical Center LLC, dba Mountain View Regional Medical Center**: All citizens of New Mexico that are current or former customers/patients of CHSPSC who treated at MountainView Regional Medical Center and whose Sensitive Information was wrongfully accessed, copied, and transferred in the months on or about April 2014 and June 2014.

f. **Lea Regional Medical Center LLC, dba Lea Regional Hospital**: All citizens of New Mexico that are current or former customers/patients of CHSPSC who treated at Lea Regional Medical Center and whose Sensitive Information was wrongfully accessed, copied, and transferred in the months on or about April 2014 and June 2014.

43.   Excluded from the Classes are (1) any judge presiding over this action and members of their families; (ii) Defendants, Defendants' subsidiaries, parents, successors,

EXHIBIT A

predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers, and directors; (iii) persons who properly execute and file a timely request for exclusion from the Classes; and (iv) the legal representatives, successors, or assigns of any such excluded persons, as well as any individual who contributed to the unauthorized access of the data stored by Defendants.

44.     **Numerosity.** Members of the Classes are so numerous that their individual joinder herein is impracticable.  Although the exact number of Class members and their addresses are unknown to Plaintiff, they are readily ascertainable from Defendants' records. Upon information and belief, there are hundreds of class members, perhaps thousands, in the state-wide class. Class members may be notified of the pendency of this action by mail and/or electronic mail, and supplemented (if deemed necessary or appropriate by the Court) by published notice.

45.     **Typicality.** Plaintiffs' claims are typical of the Classes because the named Plaintiffs and the Classes sustained damages as a result of Defendants' uniform wrongful conduct during transactions with plaintiffs and Classes.

46.     **Adequacy.** Plaintiffs are adequate representatives of the Classes because their interests do not conflict with the interests of the members of the Class they seek to represent. Plaintiffs have retained counsel competent and experienced in class action litigation, and Plaintiffs intend to prosecute this action vigorously. The interests of members of the Classes will be treated fairly and will be adequately protected by Plaintiffs and her counsel.

47.     **Predominance and Superiority:** This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Classes is impracticable. The damages suffered by the individual members of the Classes will likely be small relative to the

burden and expense of individual prosecution of the complex litigation necessitated by Defendants' wrongful conduct. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendants' misconduct. Even if members of the Classes could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

48.     **Commonality:** Common questions of law and fact exist as to all members of the Classes and predominate over any questions affecting only individual members, and include, but are not limited to:

a.  Whether Defendants were negligent in collecting, storing, and protecting Plaintiffs' and the Class members' Sensitive Information;

b.  Whether Defendants were wanton in collecting, storing, and protecting Plaintiffs' and the Class members' Sensitive Information;

c.  Whether Defendants took reasonable steps and measures to safeguard Plaintiffs' and Class members' Sensitive Information;

d.  Whether Defendants breached its duty to exercise reasonable care in handling Plaintiffs' and Class members' Sensitive Information by storing that information in the manner alleged herein;

e.  Whether Defendants notified Plaintiff and the Classes of the data breach within a reasonable amount of time;

EXHIBIT A

f.   Whether implied or express contracts existed between Defendants and Plaintiffs/Class members;

g.   Whether Plaintiffs and the Classes are at an increased risk of identity theft or other malfeasance as a result of Defendants' failure to protect their Sensitive Information;

h.   Whether Defendants stored Sensitive Information in a reasonable manner under industry standards;

i.    Whether protecting Plaintiffs' Sensitive Information was a service provided by Defendants;

j.   Whether Defendants have unlawfully retained payment from Plaintiffs because of Defendants' failure to fulfill its agreement to protect Plaintiffs' Sensitive Information;

k.   Whether and to what extent Plaintiffs and the Classes have sustained damages.

l.   Whether Defendants were unjustly enriched;

m.   Whether Defendants breached their duty of confidentiality to Plaintiffs;

n.   Whether Defendants violated statutory law in their handling of Plaintiffs' Sensitive Information.

49.   Plaintiff reserves the right to revise Class definitions and questions based upon facts learned in discovery.

## VII.   CAUSES OF ACTION

**Count 1 – Unjust Enrichment**

50.   Plaintiffs adopts and re-alleges all paragraphs set forth hereinabove as if fully set out herein.

EXHIBIT A

51.     Defendants received payment from Plaintiffs to perform services that included protecting Plaintiffs' Sensitive Information.

52.     Defendants did not protect Plaintiffs' Sensitive information, but retained Plaintiffs' payments.

53.     Defendants have knowledge of said benefit.

54.     Defendants have been unjustly enriched and it would be inequitable and unjust for Defendants to retain Plaintiffs' payments.

55.     As a result, Plaintiffs have been proximately harmed and/or injured.

56.     WHEREFORE, Plaintiffs demand judgment against Defendants concurrently, for compensatory and/or punitive damages, the sum to be determined by a jury, which will fairly and adequately compensate Plaintiff for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding, including attorney's fees.

## Count 2—Money Had and Received

57.     Plaintiffs adopt and re-allege all paragraphs set forth hereinabove as if fully set out herein.

58.     Defendants have received payment from Plaintiffs to perform services that included protecting Plaintiffs' Sensitive Information.

59.     Defendants did not protect Plaintiffs' Sensitive information, but retained Plaintiffs' payments.

60.     The law creates an implied promise by Defendants to pay it to Plaintiffs.

61.     Defendants have breached said implied promise.

62.     Defendants breach has proximately caused Plaintiff to suffer harm and damages.

63.     WHEREFORE, Plaintiffs demand judgment against Defendants concurrently, for compensatory and/or punitive damages, the sum to be determined by a jury, which will fairly and

adequately compensate Plaintiffs for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding, including attorney's fees.

**Count 3—Breach of Contract (Express and Implied)**

64.     Plaintiffs adopt and re-allege all paragraphs set forth hereinabove as if fully set out herein.

65.     Plaintiffs paid money to Defendants in exchange for hospital's services, which included promises to protect Plaintiffs' health information and Sensitive Information.

66.     In their written services contract, Defendants promised Plaintiffs that Defendants would only disclose health information when required to do so by federal or state law. Defendants further promised that they would protect Plaintiffs' Sensitive Information.

67.     Defendants promised to comply with all HIPAA standards and to make sure that Plaintiffs' health information and Sensitive Information was protected.

68.     Defendants' promises to comply with all HIPAA standards and to make sure that Plaintiffs' health information and Sensitive Information were protected created an express contract.

69.     To the extent that it was not expressed, an implied contract was created whereby Defendants promised to safeguard Plaintiffs' health information and Sensitive Information from being accessed, copied, and transferred by third parties.

70.     Under the implied contract, Defendants were further obligated to provide Plaintiffs with prompt and sufficient notice of any and all unauthorized access and/or theft of her Sensitive Information.

71.     Defendants did not safeguard Plaintiffs' health information and Sensitive Information and, therefore, breached their contract with Plaintiffs.

72.     Defendants allowed third parties to access, copy, and transfer Plaintiffs' health information and Sensitive Information and, therefore, breached their contract with Plaintiff.

73.     Furthermore, Defendants failure to satisfy their confidentiality and privacy obligations resulted in Defendants providing services to Plaintiffs that were of a diminished value.

74.     As a result, Plaintiffs have been harmed and injured.

75.     WHEREFORE, Plaintiffs demand judgment against Defendants concurrently, for compensatory and/or punitive damages, the sum to be determined by a jury, which will fairly and adequately compensate Plaintiffs for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding, including attorney's fees.

**Count 4—Negligence**

76.     Plaintiffs adopt and re-allege all paragraphs set forth hereinabove as if fully set out herein.

77.     Defendants requested and came into possession of Plaintiffs' Sensitive Information and had a duty to exercise reasonable care in safeguarding and protecting such information from being accessed. Defendants' duty arose from the industry standards discussed above and their relationship with Plaintiffs.

78.     Defendants had a duty to have procedures in place to detect and prevent the improper access and misuse of Plaintiffs' Sensitive Information. The breach of security, unauthorized access, and resulting injury to Plaintiffs and the Class and Subclasses were reasonably foreseeable, particularly in light of Defendants' inadequate data security system and failure to adequately encrypt the data.

EXHIBIT A

79.     Defendants, through their actions and/or omissions, unlawfully breached their duty to Plaintiffs by failing to implement industry protocols and exercise reasonable care in protecting and safeguarding Plaintiffs' Sensitive Information within Defendants' control.

80.     Defendants, through their actions and/or omissions, breached their duty to Plaintiffs by failing to have procedures in place to detect and prevent access to Plaintiffs' Sensitive Information by unauthorized persons.

81.     But for Defendants' breach of their duties, Plaintiffs' Sensitive Information would not have been compromised.

82.     Plaintiffs' Sensitive Information was stolen and accessed as the proximate result of Defendants' failure to exercise reasonable care in safeguarding such information by adopting, implementing, and maintaining appropriate security measures and encryption.

83.     Defendants knew, were substantially aware, should have known, or acted in reckless disregard that Plaintiffs would be harmed if Defendants did not safeguard and protect Plaintiffs' Sensitive Information.     As a result, Plaintiffs have been harmed and injured.

84.     WHEREFORE, Plaintiffs demand judgment against Defendants concurrently, for compensatory and punitive damages, the sum to be determined by a jury, which will fairly and adequately compensate Plaintiffs for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding, including attorney's fees.

**Count 5—Negligence Per Se**

85.     Plaintiffs adopt and re-allege all paragraphs set forth hereinabove as if fully set out herein.

86.     Defendants' violation of HIPAA resulted in an injury to Plaintiffs.

87.     Plaintiffs fall within the class of persons HIPAA was intended to protect.

88.     The harms Defendants caused to Plaintiffs are injuries that result from the type of behavior that HIPAA was intended to protect.

89.     As a result, Plaintiffs have been harmed and injured.

90.     WHEREFORE, Plaintiffs demand judgment against Defendants concurrently, for compensatory and/or punitive damages, the sum to be determined by a jury, which will fairly and adequately compensate Plaintiffs for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding, including attorney's fees.

**Count 6—Breach of Confidence / Wrongful Disclosure of Confidential Communication**

91.     Plaintiffs adopt and re-allege all paragraphs set forth hereinabove as if fully set out herein.

92.     A relationship of trust and confidence exists between Plaintiffs, the patients, and Defendants as their health care providers.

93.     Defendants owed a duty of confidence to Plaintiffs.

94.     Defendants learned of Plaintiffs' confidential information.

95.     Defendants breached their duty to Plaintiffs by the above allegations.

96.     Plaintiffs suffered damages as a result of Defendants' breach of their duty of confidence.

97.     Wherefore, Plaintiffs demand judgment against Defendants concurrently, for compensatory and/or punitive damages, the sum to be determined by a jury, which will fairly and adequately compensate Plaintiffs for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding, including attorney's fees.

**Count 7 – Violation of the NM Unfair Trade Practices Act, NMSA 57-12-1 et seq.**

98.      Plaintiffs adopt and re-allege all paragraphs set forth hereinabove as if fully set out herein.

99.     Defendants violated the Unfair Trade Practices Act in connection with the sale of services or in the extension of credit to the plaintiff in their regular course of business and commerce that tended to or did deceive Plaintiffs, specifically, a) representing that goods or services were of a specific quality when they were not; b) stating that the transactions made with Plaintiffs involved certain rights, remedies or obligations that the transactions did not involve; and, c)   failing to deliver the quality of services contracted for. NMSA 57-12-2 (D)(7), (15), & (17).

100.    Defendants knowingly made the false or misleading statements or representations listed above.

101.    Pursuant to NMSA 57-12-10, in any class action filed under the Unfair Trade Practices Act, the named plaintiffs as well as members of the class may recover actual monetary damages.

102.    Wherefore, Plaintiffs demand judgment against Defendants concurrently, for compensatory and punitive damages, the sum to be determined by a jury, and injunctive relief, which will fairly and adequately compensate Plaintiffs for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding, including attorney's fees.

### RELIEF REQUESTED

103.    Based on the above allegations, Plaintiffs respectfully ask the Court to:

    a.  Certify this case as a class action on behalf of the Class and Subclasses as defined above, and appoint named Plaintiffs as class representatives and undersigned counsel as lead counsel;

    b.  Find that Defendants are liable under all legal claims asserted herein for their failure to safeguard Plaintiffs' and Class members' Sensitive Information;

EXHIBIT A

c.  Award injunctive and other equitable relief as is necessary to protect the interests of the Classes, including: (i) an order prohibiting Defendants from engaging in the wrongful and unlawful acts described herein, and (ii) requiring Defendants to protect all data collected through the course of its business in accordance with HIPAA and industry standards, (iii) consumer credit protection and monitoring services for Plaintiffs; and (iv) consumer credit insurance to provide coverage for unauthorized use of Plaintiffs' personal information, medical information, and financial information;

d.  Award damages, including statutory damages where applicable and punitive damages, to Plaintiffs and the Classes in an amount to be determined at trial;

e.  Award restitution for any identity theft, including, but not limited to payment of any other costs, including attorneys' fees incurred by the victim in clearing the victim's credit history or credit rating, or any costs incurred in connection with any civil or administrative proceeding to satisfy any debt, lien, or other obligation of the victim arising as the result of Defendants' actions;

f.  Award restitution in an amount to be determined by an accounting of the difference between the price Plaintiffs and the Classes paid in reliance upon Defendants' duty/promise to secure its members' Sensitive Information, and the actual services—devoid of proper protection mechanisms—rendered by Defendants;

g.  Award Plaintiffs and the Classes their reasonable litigation expenses and attorneys' fees;

h.  Award Plaintiffs and the Classes pre- and post-judgment interest to the maximum extent allowable by law; and

EXHIBIT A

i.   Award such other and further legal or equitable relief as equity and justice may require.

### VIII.   JURY DEMAND

104.   Plaintiffs demand a jury trial on all issues in this action.

Respectfully submitted,

Branch Law Firm

By ____/s/ Mary Lou Boelcke_____
Turner W. Branch
Margaret M. Branch
Mary Lou Boelcke
2025 Rio Grande Blvd. NW
Albuquerque, NM 87104
Phone (505) 243-3500
Fax (505) 243-3534
*Attorneys for Plaintiffs*

IN THE FOURTH JUDICIAL DISTRICT COURT
SAN MIGUEL COUNTY
STATE OF NEW MEXICO

LISA MAES, MARY ALICE HERRERA,
JULIAN MORA, JOAN CRESPIN, OLIVIA
LUCERO, individually and on behalf of all
others similarly situated,

       Plaintiffs,

v.                                             No. _____D-412-CV-2014-00388_____

COMMUNITY HEALTH SYSTEMS
PROFESSIONAL SERVICES CORP., a New
Mexico Corporation; SAN MIGUEL
COUNTY HOSPITAL CORP., dba ALTA
VISTA REG'L HOSPITAL; CARLSBAD
MEDICAL CENTER LLC, dba Carlsbad
Medical Center; ROSWELL HOSPITAL
CORP., dba EASTERN NEW MEXICO
MEDICAL CENTER; DEMING HOSPITAL
CORP., dba MIMBRES MEMORIAL
HOSPITAL; LAS CRUCES MEDICAL
CENTER LLC, dba  MOUNTAINVIEW
REG'L MEDICAL CENTER; LEA REG'L
MEDICAL CENTER LLC, dba LEA REG'L
HOSPITAL; ALTA VISTA UROLOGICAL
SPECIALISTS; RIDGE RUNNER PRIMARY
CARE; AND ALTA VISTA SURGICAL
SPECIALISTS;

       Defendants.

## PLAINTIFFS' JURY DEMAND

    **COME NOW,** the Plaintiffs by and through their attorneys of record, Branch Law Firm

(Turner W. Branch, Margaret M. Branch and Mary Lou Boelcke) in the above-entitled cause of

action, and hereby demand trial by jury consisting of six (6) members.

EXHIBIT A

Respectfully submitted this 19th day of November, 2014.

Respectfully submitted,

Branch Law Firm

By ____/s/ Mary Lou Boelcke_____
Turner W. Branch
Margaret M. Branch
Mary Lou Boelcke
2025 Rio Grande Blvd. NW
Albuquerque, NM 87104
Phone (505) 243-3500
Fax (505) 243-3534
*Attorneys for Plaintiffs*

EXHIBIT A

FILED IN
4th JUDICIAL DISTRICT COURT
11/24/2014 10:12:52 AM

BAS

STATE OF NEW MEXICO
IN THE DISTRICT COURT
COUNTY OF SAN MIGUEL


LISA MAES, MARY ALICE HERRERA,
JULIAN MORA, JOAN CRESPIN,
OLIVIA LUCERO, individually and on
behalf of all others similarly situated,


      Plaintiff(s),

-vs-

COMMUNITY HEALTH SYSTEMS
PROFESSIONAL SERVICES CORP., a
New Mexico Corporation; SAN MIGUEL
COUNTY HOSPITAL CORP., dba ALTA
VISTA REG'L HOSPITAL; CARLSBAD
MEDICAL CENTER LLC, dba Carlsbad
Medical Center; ROSWELL HOSPITAL
CORP., dba EASTERN NEW MEXICO
MEDICAL CENTER; DEMING
HOSPITAL CORP., dba MIMBRES
MEMORIAL HOSPITAL; LAS CRUCES
MEDICAL CENTER LLC, dba
MOUNTAINVIEW REG'L MEDICAL
CENTER; LEA REG'L MEDICAL
CENTER LLC, dba LEA REG'L
HOSPITAL; ALTA VISTA
UROLOGICAL SPECIALISTS; RIDGE
RUNNER PRIMARY CARE; AND ALTA
VISTASURGICAL SPECIALISTS;
Defendants.

      No. D-412-CV-2014-00388


      Defendant(s).


EXHIBIT A

## NOTICE OF JUDGE REASSIGNMENT

The above-referenced cause has been reassigned to the Honorable Gerald Baca, District Judge, Division I, effective November 21, 2014 due to the:

[ ] Recusal
[X] Peremptory Challenge/Excusal
[ ] Excusal for Cause
[ ] Administrative Order dated _____.

of the Honorable Matthew Sandoval District Judge, Division III.

ANNA M. LUJAN
COURT ADMINISTRATOR
BY: _Dragica Bosovic_

## CERTIFICATE OF SERVICE

Copies of this Certificate were provided to the [X] attorneys [ ] parties
this 24th day of November, 2014  by [ ] Fax [X] E-filing [ ] Mail [ ] placed in bin.

ATTORNEY/PRO SE PLAINTIFF(S):        ATTORNEY/PRO SE DEFENDANT(S):
Turner W. Branch
Margaret Moses Branch
Mary Lou Boelcke

_Dragica Bosovic_
DEPUTY COURT CLERK

EXHIBIT A

FILED IN
4th JUDICIAL DISTRICT COURT
11/21/2014 10:18:28 AM
DB

**STATE OF NEW MEXICO**
**SAN MIGUEL COUNTY**
**FORUTH JUDICIAL DISTRICT COURT**

LISA MAES, MARY ALICE HERRERA,
JULIAN MORA, JOAN CRESPIN,
OLIVIA LUCERO, individually and on
behalf of all others similarly situated,

     Plaintiffs,

v.                           No.  D-412-CV-2014-00388

COMMUNITY HEALTH SYSTEMS
PROFESSIONAL SERVICES CORP., a
New Mexico Corporation; SAN MIGUEL
COUNTY HOSPITAL CORP., dba ALTA
VISTA REG'L HOSPITAL; CARLSBAD
MEDICAL CENTER LLC, dba Carlsbad
Medical Center; ROSWELL HOSPITAL
CORP., dba EASTERN NEW MEXICO
MEDICAL CENTER; DEMING
HOSPITAL CORP., dba MIMBRES
MEMORIAL HOSPITAL; LAS CRUCES
MEDICAL CENTER LLC, dba
MOUNTAINVIEW REG'L MEDICAL
CENTER; LEA REG'L MEDICAL
CENTER LLC, dba LEA REG'L
HOSPITAL; ALTA VISTA
UROLOGICAL SPECIALISTS; RIDGE
RUNNER PRIMARY CARE; AND ALTA
VISTA SURGICAL SPECIALISTS;

     Defendants.

**PLAINTIFFS' NOTICE OF PEREMPTORY CHALLENGE**

     **COME NOW,** the Plaintiffs by and through their attorneys of record, Branch

Law Firm (Turner W. Branch, Margaret Moses Branch and Mary Lou Boelcke) in the

above-entitled cause of action, and pursuant to the New Mexico Rules of Civil Procedure,

EXHIBIT A

Rule 1-088.1 NMRA (2014) peremptorily disqualify the Honorable Matthew J. Sandoval

from adjudicating the above-captioned cause.

Date:  November 21, 2014                         Respectfully submitted:

                                                 **BRANCH LAW FIRM**

                                                 */s/ Mary Lou Boelcke*
                                                 Turner W. Branch
                                                 Margaret Moses Branch
                                                 Mary Lou Boelcke
                                                 2025 Rio Grande Blvd. NW
                                                 Albuquerque, NM  87104
                                                 (505) 243-3500 Telephone
                                                 (505) 243-3534 Facsimile

EXHIBIT A

STATE OF NEW MEXICO
SAN MIGUEL COUNTY
FOURTH JUDICIAL DISTRICT COURT

LISA MAES; MARY ALICE HERRERA;
JULIAN MORA; JOAN CRESPIN; and
OLIVIA LUCERO; individually and on
behalf all others similarly situated,

        Plaintiffs,

    v.                                   Case No. D-412-CV-2014-00388

COMMUNITY HEALTH SYSTEMS
PROFESSIONAL SERVICES
CORPORATION, a Delaware
Corporation; SAN MIGUEL COUNTY
HOSPITAL CORP., d/b/a Alta Vista
Regional Hospital; CARLSBAD
MEDICAL CENTER LLC, d/b/a
Carlsbad Medical Center; ROSWELL
HOSPITAL CORP., d/b/a Eastern New
Mexico Medical Center; DEMING
HOSPITAL CORP., d/b/a Mimbres
Memorial Hospital; LAS CRUSES
MEDICAL CENTER LLC, d/b/a
Mountainview Regional Medical Center;
LEA REGIONAL MEDICAL CENTER
LLC, d/b/a Lea Regional Hospital;
ALTA VISTA UROLOGICAL
SPECIALISTS; RIDGE RUNNER
PRIMARY CARE; and ALTA VISTA
SURGICAL SPECIALISTS,

Defendants.

## **NOTICE OF FILING NOTICE OF REMOVAL**

      PLEASE TAKE NOTICE that on December 2, 2014, Defendant Community

Health Systems Professional Services Corporation ("CHSPSC"), by and through its

undersigned attorney, filed a Notice of Removal, pursuant to 28 U.S.C. §§ 1441, 1446 &

1453, in the United States District Court for the District of New Mexico, thereby removing this action.  Accordingly, no further proceedings should be conducted in this matter in the District Court of San Miguel County Court of the Fourth Judicial District Court of the State of New Mexico.  A copy of CHSPSC's Notice of Removal is attached as Exhibit A.

Please take further notice that CHSPSC has given notice of the filing of the Notice of Removal to plaintiffs.

Dated this 2nd day of December, 2014        MADISON & MROZ, P.A.

William C. Madison
Michael J. Dekelva
201 Third Street, N.W.
Albuquerque, NM 87102
Phone: 505-242-2177
Fax: 505-242-7184

*Attorneys for Defendant Community Health Systems Professional Services Corporation*

I hereby certify that I have mailed
a true copy of the foregoing
pleading to the following counsel
of record on this 2nd day of
December, 2014:

Counsel for Plaintiffs
Turner W. Branch
Margaret Moses Branch
Mary Lou Boelcke
2025 Rio Grande Blvd. NW
Albuquerque, NM 87104

/s/ William C. Madison
William C. Madison

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

Civil Action No. _____


LISA MAES; MARY ALICE HERRERA; JULIAN MORA;
JOAN CRESPIN; and OLIVIA LUCERO; individually and
on behalf all others similarly situated,

        Plaintiffs,

   v.

COMMUNITY HEALTH SYSTEMS PROFESSIONAL
SERVICES CORPORATION, a Delaware Corporation;
SAN MIGUEL COUNTY HOSPITAL CORP., d/b/a Alta
Vista Regional Hospital; CARLSBAD MEDICAL CENTER
LLC, d/b/a Carlsbad Medical Center; ROSWELL
HOSPITAL CORP., d/b/a Eastern New Mexico Medical
Center; DEMING HOSPITAL CORP., d/b/a Mimbres
Memorial Hospital; LAS CRUCES MEDICAL CENTER
LLC, d/b/a Mountainview Regional Medical Center; LEA
REGIONAL MEDICAL CENTER LLC, d/b/a Lea
Regional Hospital; ALTA VISTA UROLOGICAL
SPECIALISTS; RIDGE RUNNER PRIMARY CARE; and
ALTA VISTA SURGICAL SPECIALISTS,

        Defendants.

---

### NOTICE OF REMOVAL

---

      Pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, defendant Community

Health Systems Professional Services Corporation ("CHSPSC") hereby removes this

action from the Fourth Judicial District Court of the State of New Mexico, San Miguel

County, to the United States District Court for the District of New Mexico.

EXHIBIT A

## BACKGROUND

1.      Plaintiffs Lisa Maes, Mary Alice Herrera, Julian Mora, Joan Crespin, and Olivia Lucero filed this civil class action complaint against the following parties: CHSPSC, San Miguel County Hospital Corp. d/b/a Alta Vista Regional Hospital, Carlsbad Medical Center LLC d/b/a Carlsbad Medical Center, Roswell Hospital Corp. d/b/a Eastern New Mexico Medical Center, Deming Hospital Corp. d/b/a Mimbres Memorial Hospital, Las Cruces Medical Center LLC d/b/a Mountainview Regional Medical Center, Lea Regional Medical Center LLC d/b/a Lea Regional Hospital, Alta Vista Urological Specialists, Ridge Runner Primary Care, and Alta Vista Surgical Specialists.  This action was filed on November 19, 2014, in the Fourth Judicial District Court, San Miguel County, New Mexico, styled *Lisa Maes, et al. v. Community Health Systems Professional Services Corporation, et al.*, Case No. D-412-CV-2014-00388 (the "State Action").

2.      Plaintiffs' complaint ("Compl.") is attached to this notice, along with the State Action filings (*see* ¶ 39, *infra*), as Exhibit A.

3.      The State Action arises from a data breach.  (*See* Ex. A, Compl. ¶¶ 22-25.)

4.      Last spring, between April and June 2014, criminals believed to have originated in China orchestrated a sophisticated cyber-attack on CHSPSC's computer systems.  (Declaration of Andi Bosshart ["Bosshart Dec."] ¶ 5, attached as Exhibit B.) None of the computer networks of the hospitals and clinics to which CHSPSC provides services were infiltrated.  (*Id.*)

5.      In July 2014, after working with a forensics expert and federal law enforcement authorities, CHSPSC learned that the data accessed by the criminal

EXHIBIT A

organization included the names, addresses, and other identifying information of several million patients of CHSPSC's affiliated clinics. (*Id.* ¶ 6.)

6.      CHSPSC publicly announced the theft in August. (*Id.* ¶ 7.) CHSPSC also drafted a notification letter that affiliated clinics used to notify their patients whose information was involved that CHSPSC had been attacked. (*Id.* ¶¶ 7-8 & Tab 1.)

7.      As a result of this cyber-attack, plaintiffs allege that they and a statewide putative class of similarly situated persons "now face a substantial increased risk of identity theft." (Ex. A, Compl. ¶¶ 11, 42.)

8.      Based on that alleged increased risk of identity theft, plaintiffs bring claims for unjust enrichment, money had and received, breach of contract, negligence, negligence per se, breach of confidence/wrongful disclosure of confidential communication, and violation of the New Mexico Unfair Trade Practices Act against CHSPSC and affiliated clinics located in New Mexico. (*Id.* ¶¶ 50-102.)

9.      As damages, plaintiffs seek to recover for emotional distress and economic harm, including alleged overpayments for healthcare services, future expenses for credit monitoring, and identity-theft insurance. (*Id.* ¶¶ 40, 103.c.iv.)

10.     Plaintiffs seek to represent a statewide class of "[a]ll individuals who are citizens of the State of New Mexico that are current or former customers/patients of CHSPSC, San Miguel County Hospital Corporation, Carlsbad Medical Center LLC, Lea Regional Medical Center LLC, Roswell Hospital Corporation, Las Cruces Medical Center LLC, Deming Hospital Corporation, or one of its affiliates or clinics and whose Sensitive Information was wrongfully accessed, copied, and transferred in the months of April

3

EXHIBIT A

2014 to June 2014." (*Id.* ¶ 42)

11.     Two months prior to filing this case, plaintiffs' counsel filed a virtually identical case on behalf of an individual named Briana Brito.  That earlier action is based on the same cyber-attack, names most of the same defendants, and asserts all of the same causes of action.  The only difference is that the earlier action purports to represent a nationwide class of plaintiffs, while the present action is limited to individuals residing in New Mexico.  CHSPSC removed the earlier case to this federal court; it is now pending before Judge James Browning and is styled *Brito v. Community Health Systems, Inc., et al.*, Case No. 1:14-cv-929-JB-CG (D.N.M.).  CHSPSC's notice of removal and Brito's complaint are attached as Exhibit C.

12.     The cyber-attack suffered by CHSPSC has also resulted in six other federal actions, all but one of which were filed prior to this case:  *Alverson, et al. v. Community Health Systems, Inc., et al.*, No. 2:14-cv-01620-KOB (N.D. Ala.) (filed on August 20, 2014); *Lawson, et al. v. Community Health Systems, Inc., et al.*, No. 3:14-cv-00712 (S.D. Miss.) (filed on September 11, 2014); *Roman v. Community Health Systems, Inc., et al.*, No. 3:14-cv-01705 (M.D. Pa.) (filed on August 29, 2014); *Glah, et al. v. Community Health Systems, Inc., et al.*, No. 2:14-cv-25783 (S.D. W. Va.) (filed on September 15, 2014); and *Lutz v. Community Health Systems, Inc., et al.*, Case No. 2:14-cv-06433-RBS (E.D. Pa.) (filed on November 7, 2014).  The sixth case, *Veciana v. Community Health Systems, Inc., et al.*, Case No. 8:14-cv-2893-VMC-AEP (M.D. Fl.), was filed on the same day as this case.  The initial complaints in the federal actions are collectively attached as Exhibit D.

4

EXHIBIT A

13.    The Judicial Panel on Multidistrict Litigation is currently considering whether to transfer the federal cases to a single forum for consolidated pretrial proceedings. *See In re Community Health Systems, Inc., Customer Data Security Breach Litigation*, MDL No. 2595. There is no opposition to transfer, and the parties in all but one of the cases before the Panel have affirmatively assented to transfer to the Northern District of Alabama. If, as seems highly likely, the Panel centralizes this litigation, this case (upon removal to federal court) will become a "tag-along" action (as are *Lutz* and *Veciana*) and thus will likely be transferred, as well.

## GROUNDS FOR REMOVAL

14.    The State Action is removable pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453. CHSPSC may remove this case without the consent or joinder of the remaining defendants. *See Prime Care of Ne. Kan., LLC v. Humana Ins. Co.*, 447 F.3d 1284, 1285 (10th Cir. 2006) ("CAFA also added its own removal statute, permitting any defendant to remove a qualifying action without regard to the residence or consent of other defendants[.]") (citing 28 U.S.C. § 1453(b)).

15.    This Notice of Removal is filed within the 30-day period provided in 28 U.S.C. § 1446(b). *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999). Plaintiffs' complaint was filed in state court on November 19, 2014. (Ex. A, Compl. at 1.) CHSPSC has not yet been served with the complaint and summons.

16.    Moreover, this Court has original jurisdiction under 28 U.S.C. § 1332(d)(2) because: (1) the matter in controversy is a class action where a member of the putative class of plaintiffs is a citizen of a state different from a defendant; (2) the amount in controversy exceeds $5 million, exclusive of interest and costs; and (3) there are more

5

than 100 members of the proposed plaintiff class.  28 U.S.C. § 1332(d), *as amended by* The Class Action Fairness Act of 2005 (CAFA), Pub. L. No. 109-2, 119 Stat. 4.

### 1.  Diversity of Citizenship.

17.    Plaintiffs seek to represent a statewide class of New Mexico residents whose information was involved in the data theft.  (Ex. A, Compl. ¶ 42.)  There are approximately 191,045 such individuals.  (Ex. B, Bosshart Dec. ¶ 10.)

18.    Defendant CHSPSC is a Delaware corporation with its principal place of business in Tennessee.  (*Id.* ¶ 4.)  Thus, CHSPSC is a citizen of only Delaware and Tennessee.  *See* 28 U.S.C. 1332(c)(1) (a corporation is a citizen only of its state of incorporation and the state where it maintains its "principle place of business").

19.    Plaintiffs acknowledge in their complaint that CHSPSC is a Delaware corporation, but incorrectly captioned it with the notation that CHSPSC is "a New Mexico Corporation."  (*See* Ex. A, Compl. at 1, ¶ 2.)  CHSPSC is not now, and has not ever been, a New Mexico corporation.  (Ex. B, Bosshart Dec. ¶ 4.)

20.    Plaintiffs also incorrectly allege that "CHSPSC is also a citizen of New Mexico."  (Ex. A, Compl. ¶ 2.)  CHSPSC is registered to do business in twenty-nine states, including New Mexico, but its corporate officers direct, control, and coordinate CHSPSC's activities from its headquarters in Franklin, Tennessee.  (Ex. B, Bosshart Dec. ¶ 4.)  Its principle place of business is therefore in Tennessee.  *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. . . .  And in practice it should normally be the place where the corporation maintains its headquarters[.]").  For purposes of diversity

6

jurisdiction, "a corporation can have only one principle place of business." *Kazemy v. BMW of N. Am., LLC*, 2014 WL 3667217, at *3 (D. Or. July 17, 2014); *see also Hertz Corp.*, 559 U.S. at 93 ("The word 'place' is in the singular, not the plural.").

21.     So CHSPSC is a citizen of Tennessee, where it maintains its principle place of business, and Delaware, where it is incorporated. Plaintiffs' counsel acknowledged this fact in *Brito*, where the plaintiff alleged that "Defendant Community Health Systems Professional Services Corporation ('CHSPSC') is a Delaware Corporation with its principle place of business in Tennessee." (Ex. C, *Brito* Compl. ¶ 3.)

22.     Thus, minimal diversity under CAFA exists here because at least one plaintiff and at least one defendant are citizens of different states. *See* 28 U.S.C. § 1332(d)(2)(A); *Coll v. First Am. Title Ins. Co.*, 2008 WL 9093362, at *3 (D.N.M. Apr. 21, 2008) ("minimal diversity" under CAFA requires "only that one plaintiff class member be diverse from one defendant"), *aff'd in part, remanded in part on other grounds*, 642 F.3d 876 (10th Cir. 2011).

## 2.     Amount in Controversy.

23.     Plaintiffs seek to represent a putative class consisting of all New Mexico residents affected by the data theft. (Ex. A, Compl. ¶ 42.)

24.     Approximately 191,045 New Mexico residents were notified that their information may have been involved in the data theft. (Ex. B, Bosshart Dec. ¶ 10.)

25.     In this case, plaintiffs seek damages for themselves and these approximately 191,045 other individuals for alleged "emotional distress and economic harm, including but not limited to: loss of payment to Defendants—part of which was intended to pay for the administrative costs of data security—because Defendants did

not properly secure plaintiffs' personal and Sensitive Information, diminution in the value of services provided, and future expenses for credit monitoring." (Ex. A, Compl. ¶¶ 40, 42.) Plaintiffs also seek "consumer credit insurance to provide coverage for unauthorized use of Plaintiffs' personal information, medical information, and financial information" on behalf of the same class. (*Id.* ¶¶ 42, 103.c.iv.)

26.     In the aggregate, these purported damages, if collected, would exceed $5 million. *See* 28 U.S.C. § 1332(d)(6). For instance, the three main national credit-reporting agencies, Equifax, TransUnion, and Experian, advertise *monthly* rates for credit-monitoring services ranging from $14.95 to $19.95 per person. (Ex. B, Bosshart Dec. ¶¶ 12-14 & Tab 2.) Similarly, Experian offers an identity-theft protection product that includes $1 million worth of identity-theft insurance for 15.95 per month per person. (*Id.* ¶¶ 15-17 & Tab 3.) Damages for one year of either of these services would thus be approximately $180 per person, for a total damages claim exceeding $5 million when all putative class members' claims are aggregated.

27.     Even if the cost of providing the requested credit-monitoring was measured by the cost of providing it in bulk as opposed to the retail cost, which the plaintiffs have not suggested in the complaint (*see* Ex. A, Compl. ¶ 40 (seeking "future expenses for credit monitoring")), measuring the amount in controversy by that cost alone would still exceed the jurisdictional minimum.

28.     CHSPSC offered one year of free credit-monitoring and identity-theft consultation and restoration services to any person impacted by the data theft through Kroll, which charged CHSPSC a negotiated bulk rate of $4.47 per subscriber. (Ex. B,

EXHIBIT A

Bosshart Dec. ¶¶ 18-19.)  Plaintiffs' complaint seeks punitive damages for themselves

and the putative class, and New Mexico courts have allowed punitive damages of more

than seven times the compensatory damages.  (Ex. A, Compl. ¶¶ 49, 56, 68, 77, 90, 95,

96.d.)  *See Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1246 (10th Cir.

2012) ("punitive damages may be considered in determining the requisite jurisdictional

amount"); *Allsup's Convenience Stores, Inc. v. N. River Ins. Co.*, 976 P.2d 1, 18 (N.M.

1998) (holding that punitive damages award of $4,000,000 to insured for breach of

contractual duty did not violate due process and was not disproportionate to the

$540,000 in compensatory damages when carriers acted in bad faith).  Thus, even if

plaintiffs' complaint only sought one year of bulk credit-monitoring for the class

(totaling $853,971.15), factoring in possible punitive damages pushes the amount in

controversy above $5 million.

      29.     Moreover, plaintiffs have sought emotional distress damages on behalf of

themselves and the class.  (Ex. A, Compl. ¶¶ 40, 42.)  A reasonable estimate of such

damages may be considered in assessing the amount in controversy.  *See, e.g., Bierne v.*

*Faurecia Exhaust Sys., Inc.*, 2014 WL 3966382, at *3 (W.D. Ky. Aug. 13, 2014)

(applying a reasonable estimate of emotional distress damages to consider whether the

amount in controversy is established); *Brouwer v. Wyndham Vacation Resorts, Inc.*,

2014 WL 3828514, at *3 (W.D. Mo. Aug. 4, 2014) ("claims for emotional distress could

be used to establish amount in controversy") (citation omitted).  Thus, plaintiffs'

requested emotional distress damages further push the amount in controversy above $5

million.

EXHIBIT A

30.     Plaintiffs also seek "litigation expenses and attorneys' fees," which must be taken into account in evaluating the amount in controversy.  (Ex. A, Compl. ¶¶ 102, 103.g.)  *See Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1339-40 (10th Cir. 1998) ("The Supreme Court has long held that when a statute permits recovery of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship.").  The New Mexico Unfair Trade Practices Act permits an award of attorneys' fees to a prevailing plaintiff.  NMS § 57-12-10(C).

### 3.     The Proposed Class Exceeds 100 Members.

31.     Plaintiffs' proposed class includes all New Mexico residents affected by the data theft, which is approximately 191,045 people.  (Ex. A, Compl. ¶ 42; Ex. B, Bosshart Dec. ¶ 10.)  Thus, the 100-person requirement in CAFA is met here.  *See* 28 U.S.C. § 1332(d)(5)(B).

### 4.     None of CAFA's Exceptions Apply.

32.     CAFA's local-controversy exception applies only where plaintiffs seek "significant relief" from at least one in-state defendant "whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class," *and* where "during the 3-year period preceding the filing of [the] class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons."  28 U.S.C. §§ 1332(d)(4)(A)(i)(II)(aa)-(cc) & (A)(ii).  *See also Caruso v. Allstate Ins. Co.*, 469 F. Supp. 2d 364, 371 (E.D. La. 2007) ("The use of the conjunctive 'and' in Section 1332(d)(4)(A) makes it clear that all four of its elements must be satisfied for the 'local-controversy'

EXHIBIT A

exception to apply.").

33.     Plaintiffs' counsels' filing of *Brito* two months ago—which is essentially the same case as this one—takes this action outside the local-controversy exception in (d)(4)(A). (*Compare* Ex. A, Compl. *with* Ex. C, *Brito* Compl.) So do the five other federal actions filed before this case against CHSPSC. (*See* Ex. D.) *See Valdez v. Metro. Prop. & Cas. Ins. Co.*, 867 F. Supp. 2d 1143, 1166 (D.N.M. 2012) (for local-controversy exception to apply, "plaintiff must also show that, during the three years preceding the filing of the class action, no other class action was filed asserting the same or similar allegations against any of the defendants"); *see also, e.g., Potts v. Rawlings Co., LLC*, 897 F. Supp. 2d 185, 191 n.1 (S.D.N.Y. 2012) (local-controversy exception inapplicable because prior class action had been filed containing "similar factual allegations against largely the same defendants on behalf of substantially the same class"); *Jadeja v. Redflex Traffic Sys.*, Inc., 2010 WL 4916413, at *2-3 (N.D. Cal. Nov. 22, 2010) (same where a previously filed action "must have given [the defendant] *déjà vu*").

34.     Indeed, this requirement was intended to prevent the very tactic plaintiffs' counsel has pursued here. "Plaintiffs cannot simply evade federal jurisdiction by defining the putative class on a state-by-state basis, and then proceed to file virtually identical class action complaints in various state courts. Such conduct is precisely what the CAFA legislation was intended to eradicate." *Brook v. UnitedHealth Grp. Inc.*, 2007 WL 2827808, at *4 (S.D.N.Y. Sept. 27, 2007) (holding that the local controversy exception did not apply because plaintiff's counsel had previously filed "basically the same" case in Connecticut state court purporting to represent a class of Connecticut

11

EXHIBIT A

residents).

35.     And even if no other cases had been filed, as explained above, it was CHSPSC's systems that were attacked—not the systems of the local defendants.  (*See* Ex. B, Bosshart Dec. ¶ 5.)  Accordingly, none of the local defendants' conduct "forms a significant basis for the claims asserted" here.  *See Woods v. Standard Ins. Co.*, --- F.3d ----, 2014 WL 5822659, at *7-8 (10th Cir. Nov. 10, 2014) (reversing remand order because the local defendant was not the "real target of the litigation" and further holding that "all doubts" should be "resolved 'in favor of exercising jurisdiction over the case'") (quoting S. Rep. No. 109–14 at 39, 42).

36.     Similarly, the discretionary and home-state exceptions, set forth in 28 U.S.C. §§ 1332(d)(3) & (4)(B), respectively, apply "only where *all* primary defendants are citizens of the State in which the action was filed."  *Coll*, 2008 WL 9093362, at *5-6 (emphasis original).  *See also Woods*, 2014 WL 5822659, at *5 (holding that language used in the state-action exception of 28 U.S.C. 1332(d)(5), which is same as (d)(3) & (4)(B), "leaves no doubt Congress intended the state action provision to preclude CAFA jurisdiction only when *all of the primary defendants* are states, state officials, or state entities") (emphasis added).

37.     CHSPSC is not a citizen of New Mexico, (see *supra* ¶¶ 18-21), and is a primary defendant.  *See Manson v. GMAC Mortgage, LLC*, 602 F. Supp. 2d 289, 296 (D. Mass. 2009) ("[T]he term 'primary defendants' should include any person who has substantial exposure to significant portions of the proposed class in the action, particularly any defendant that is allegedly liable to the vast majority of the members of

EXHIBIT A

the proposed classes (as opposed to simply a few individual class members).") (quoting S. Rep. No. 109–14, at 43).  Thus, neither the home-state nor the discretionary exception could apply here.

38.     For all of these reasons, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d), and this case is removable pursuant to 28 U.S.C. §§ 1441 & 1453. Removal to this Court is appropriate because this judicial district embraces the district and division in which this case was pending in state court.  *See* 28 U.S.C. § 1446(a).

## STATE COURT PLEADINGS AND NOTICE

39.     Pursuant to 28 U.S.C. § 1446(a), copies of the current state court docket sheet, each pending motion, petition, and related response, reply, and brief (none are pending), and all process, pleadings, and orders served upon or otherwise obtained by CHSPSC in the state court are attached hereto as Exhibit A.

40.     Pursuant to 28 U.S.C. § 1446(d), CHSPSC will provide written notice of the filing of this notice to all adverse parties and a copy of this notice will be filed with the Clerk of the Fourth Judicial District Court, San Miguel County, New Mexico.


WHEREFORE, CHSPSC respectfully removes the State Action to the United States District Court for the District of New Mexico.

EXHIBIT A

Dated this 2nd day of December, 2014

William C. Madison
Michael J. Dekelva

MADISON & MROZ, P.A.
201 Third Street, N.W.
Albuquerque, NM 87102
Phone: 505-242-2177
Fax: 505-242-7184
Email: wcm@madisonlaw.com
        mjd@madisonlaw.com

*Attorneys for Defendant Community
Health Systems Professional Services
Corporation*

14

EXHIBIT A

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **NOTICE OF REMOVAL**

was served via the Court's ECF system on this 2nd day of December, 2014, to the

following:

> Counsel for Plaintiffs
> Turner W. Branch
> Margaret Moses Branch
> Mary Lou Boelcke
> 2025 Rio Grande Blvd. NW
> Albuquerque, NM 87104

William C. Madison

EXHIBIT A